**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| PRINCE CHINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 4:25-cv-00577-LPR |
| | ) | |
| LANDERS CHRYSLER DODGE JEEP RAM, AND PNC BANK, N.A., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Come now Defendants, LL Glenn Plaza Loop LLC d/b/a Landers Chrysler Dodge Jeep Ram ("Landers") and PNC Bank, N.A. ("PNC") (collectively, "Defendants"), by and through their undersigned counsel, Barber Law Firm PLLC, and for their Joint Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint (Doc. 52), state:

1. On August 19, 2026, the Court partially granted Defendants' Motion for Judgment on the Pleadings for the reasons stated by the Court during the August 18, 2026, hearing; gave Plaintiff 45 days to file a motion for leave to file an amended complaint; directed that any such motion and proposed pleading "must comply with all federal and local rules (including local rule 7.2)"; and stated that if no motion for leave is timely filed, "the Court will then enter judgment in Defendants' favor." Doc. 51; *see* Doc. 50.

2. On September 24, 2026, Plaintiff filed a Motion for Leave to Amend Complaint (Doc. 52) and attached a proposed "Amendment to Complaint" (Doc. 52-1) (the "Proposed Complaint"). The Proposed Complaint would be Plaintiff's fourth complaint in this action. *See* Docs.1, 3, 15.

3. Leave should be denied because the Motion is procedurally deficient. It does not identify—much less explain how the Proposed Complaint cures—any deficiency the Court identified at the August 18, 2026, hearing; it relies on competing CARFAX reports, emotional distress, and PNC's supposed role as an "active player"—that appear nowhere in the Proposed Complaint; and it is the latest in a series of amendments that have repeatedly shifted Plaintiff's theory without curing its defects.

4. Fed. R. Civ. P. 15(a)(2) provides that a party may amend a pleading only with "opposing party's written consent" or with the "court's leave". Defendants have not received any written request for consent, nor do Defendants consent to Plaintiff's leave request.

5. "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

6. As contemplated in *Foman*, the leave here shows repeated failure to cure deficiencies by prior amendments already allowed in this case, there is clear prejudice to the Defendants in having to continue to litigate claims the Plaintiff cannot plead sufficiently.

7. Leave should also be denied because amendment would be futile. The Proposed Complaint asserts no claim against Separate Defendant PNC Bank, N.A. ("PNC"); both of its counts are directed solely at "Defendant Landers." Doc. 52-1 ¶¶ 23–36.

8. Count I (breach of contract) fails to state a claim because the only breach alleged is Landers' refusal to honor an alleged post-sale oral promise to "take care of" the vehicle "if something happened to it," Doc. 52-1 ¶¶ 25, 27, a promise too indefinite to enforce, unsupported

by consideration, and, in substance, a post-sale repair warranty on a vehicle sold as is. Plaintiff has again failed to allege facts showing there exists any sufficient basis to support his allegations.

9. Count II (fraud in the inducement) fails to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b), fails to identify any actionable false statement of fact, and alleges no facts plausibly connecting any alleged misrepresentation to the engine failure that occurred approximately four months and 390 miles after the sale. Doc. 52-1 ¶¶ 7–9, 21, 30–36.

10. The Court should deny leave as to Defendants, dismiss all claims against Defendants with prejudice, and direct entry of final judgment in Defendant's favor under Federal Rule of Civil Procedure 54(b).

11. Defendants' Brief in Support of this Joint Response is filed contemporaneously herewith and is incorporated herein by reference as if set forth word for word.

WHEREFORE, Defendants, LL Glenn Plaza Loop LLC d/b/a Landers Chrysler Dodge Jeep Ram and PNC Bank, N.A., pray that the Court deny Plaintiff's Motion for Leave to Amend Complaint (Doc. 52); enter judgment in Defendants' favor as contemplated by the Court's August 19, 2026, Order (Doc. 51); and award Defendants all other just and proper relief to which they may be entitled.

Respectfully submitted,

James D. Robertson (ABN 95181)
Daniel A. Curtis (ABN 2023001)
BARBER MUNSON
One Allied Dr., Suite 1600
Little Rock, Arkansas 72202
Telephone: (501) 372-6175
Email: jrobertson@barberlawfirm.com
Email: dcurtis@barberlawfirm.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, and that I have also served a copy of the foregoing via first-class U.S. Mail, postage prepaid, on the following:

Prince Chinney
221 W. 2nd Street, Suite 530
Little Rock, AR 72201
*Pro Se Plaintiff*

/s/ James D. Robertson
James D. Robertson