**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| PRINCE CHINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 4:25-cv-00577-LPR |
| | ) | |
| LANDERS CHRYSLER DODGE JEEP RAM, AND PNC BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendants LL Glenn Plaza Loop LLC d/b/a Landers Chrysler Dodge Jeep Ram ("Landers") and PNC Bank, N.A. ("PNC") (collectively, "Defendants") submit this Brief in Support of their Joint Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint (Doc. 52) (the "Motion").

## INTRODUCTION

The Court granted Defendants' Motion for Judgment on the Pleadings in part and gave Plaintiff forty-five days to seek leave to amend. Doc. 51. The Court specified that any motion and proposed pleading "must comply with all federal and local rules (including local rule 7.2)," and that if no motion was timely filed, "the Court will then enter judgment in Defendants' favor." *Id.* Plaintiff has now filed the Motion and a proposed "Amendment to Complaint" (Doc. 52-1) (the "Proposed Complaint"). It would be Plaintiff's fourth complaint in this action.

The Proposed Complaint drops the lemon-law, warranty, concealment, bad-faith, "financial hardship," and PNC-duty theories of the Second Amended Complaint. In their place it pleads two counts, both against Landers alone: (I) breach of contract, based mainly on an alleged

post-sale oral promise that Landers would "take care of" the vehicle "if something happened to it"; and (II) fraud in the inducement. Neither count could survive a motion under Rule 12(b)(6). The Motion itself never addresses the deficiencies the Court identified at the August 18, 2026, hearing. Instead, it describes allegations that appear nowhere in the pleading Plaintiff actually tendered: competing CARFAX reports, emotional distress, and PNC's supposed role as an "active player."

Because the amendment would be futile and the Motion is procedurally deficient, the Court should deny leave and enter judgment in Defendants' favor as contemplated by Doc. 51. Furthermore, it is abundantly clear that Proposed Complaint asserts no claim against PNC whatsoever.

## BACKGROUND

### A. The Transaction.

On September 27, 2024, Plaintiff bought a used 2018 Porsche Macan (the "Vehicle") from Landers and traded in his 2006 Mercedes-Benz ML350 for a $2,500 credit. Doc. 52-1 ¶¶ 6, 11–12; Doc. 43 at 3–4 (responses to RFA Nos. 1, 7). The purchase was financed under a Retail Installment Sale Contract under which PNC was the lender. Doc. 27-1; Doc. 43 at 3–4 (responses to RFA Nos. 2, 5). The Vehicle was sold with a Buyers Guide disclosing that it was sold "AS IS—NO DEALER WARRANTY." Doc. 28-7; *see* Doc. 31 at 2.

Plaintiff alleges that the engine failed after he had driven the Vehicle approximately 390 miles, and that he notified Landers on or about January 30, 2025. Doc. 52-1 ¶¶ 19, 21. Landers reimbursed Plaintiff's $765.00 diagnostic charge but declined to pay the $37,016.13 estimated cost of replacing the engine. *Id.* ¶ 20; Doc. 28-4. Plaintiff has admitted that the $765.00 payment "was

issued as a goodwill gesture and does not constitute an admission of liability by Landers for the mechanical condition of the [vehicle].” Doc. 43 at 8 (RFA No. 30, answered “Yes”).

**B. Procedural History.**

Plaintiff filed suit in the Circuit Court of Pulaski County. Defendants removed the case because Plaintiff pleaded a claim under the Magnuson-Moss Warranty Act. Doc. 1; Docs. 17, 18. Plaintiff had already amended once. Doc. 3. In July 2025, Plaintiff filed another amended pleading. The Court construed it as a motion for leave to file a Second Amended Complaint, Doc. 20, and Plaintiff confirmed that it excluded any Magnuson-Moss or other federal claim, Doc. 21. The Second Amended Complaint (“SAC”) stated that “the cause of action pertains to the lemon law.” It alleged concealment of a defect and of CARFAX damage history, bad faith, forged signatures, a duty on PNC to review the CARFAX, and financial hardship. Doc. 15 ¶¶ 3–4, 16–18, 20–23. Defendants answered, Docs. 27, 28, and moved for judgment on the pleadings, Docs. 30, 31.

The SAC said nothing about an oral agreement. Plaintiff first raised the argument of an oral agreement in his response to Defendants’ Rule 12(c) motion. There, he asserted that “the Defendants made a binding verbal agreement with the Plaintiff which states that defendants shall cover the cost of future damage to the vehicle,” and that this agreement was “made between the Plaintiff and the Defendants on October 7, 2024.” Doc. 33 ¶¶ 4–5. October 7, 2024, was ten days after the sale.

The Court heard argument on August 18, 2026. Doc. 50. The Court partially granted the motion in the ruling from the bench. Doc. 51. The Court ruled that the Plaintiff’s Complaint overall lacked the sufficient basis in its allegations pursuant to Fed. R. Civ. P. 9, and that the Plaintiff has failed to sufficiently allege claims based on the oral argument of the Plaintiff. Court gave Plaintiff 45 days to move for leave to amend and stayed the scheduling order. *Id.*

**C. The Motion and the Proposed Complaint.**

Plaintiff filed the Motion on September 24, 2026. Doc. 52. The Motion does not say what the Proposed Complaint changes or how it cures any deficiency the Court identified. Instead, it asserts that "two different Carfax Vehicle History Reports were presented in this case" with different issuance dates, *id.* ¶¶ 2–4; that Plaintiff seeks damages for "emotional distress and inconvenience," *id.* ¶ 5; and that "Defendant PNC Bank was and has been an active player in this matter," *id.* ¶ 6. The rest of the Motion recites the Rule 15 standard and states in general terms that the amendment is made in good faith, will not prejudice Defendants, and will promote a resolution on the merits. *Id.* ¶¶ 9–23. The Motion cites no authority other than Rule 15(a)(2).

The Proposed Complaint pleads two counts. Count I (breach of contract) alleges that Landers was required "to provide the Vehicle as represented and in the condition promised, including Landers' subsequent oral agreement that if something happened to the Vehicle, Landers would take care of it." Doc. 52-1 ¶ 25. It alleges that Landers breached "by failing to honor its agreement to take care of the Vehicle and refusing to pay the $37,016.13 estimated cost of replacing the defective engine." *Id.* ¶ 27. Count II (fraud in the inducement) relies on "the representations identified in Paragraphs 7 through 9." *Id.* ¶ 30. Those are: that the Vehicle "had recently been inspected by a Porsche dealership" and needed no independent inspection; and that the CARFAX information "was not available at the time of purchase and would be mailed to Plaintiff within approximately one week." *Id.* ¶¶ 7–9. Both counts are directed solely at "Defendant Landers." *Id.* ¶¶ 23–36. PNC appears only in the caption and in the description of the parties. *Id.* ¶ 2.

## LEGAL STANDARD

A party that may no longer amend as a matter of course may amend only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Leave should be freely given "when justice so requires." *Id.* But leave is properly denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). There is no absolute right to amend. "[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim." *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748 (8th Cir. 2005)

Denial of leave for futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." *Zutz v. Nelson,* 601 F.3d 842 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). To survive such a motion, a complaint must contain factual allegations that allow "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Allegations of fraud must also satisfy Rule 9(b), which requires the plaintiff to plead "the who, what, when, where, and how: the first paragraph of any newspaper story." *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011). "[U]nder a futility analysis nothing could be more feckless than to permit an action to go to trial which discovery has shown to be virtually denuded of factual support. *Robertson v. White*, 111 F.R.D. 607, 612 (W.D. Ark. 1986).

Pro se pleadings are construed liberally. But "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (quoting *Faretta v. California*, 422 U.S. 806, 834–35 n. 46, 95 S.Ct. 2525, 2540–41 n. 46, 45 L.Ed.2d 562 (1975)). A pro se complaint must still allege facts sufficient to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## ARGUMENT

### I. THE MOTION IS PROCEDURALLY DEFICIENT.

#### A. The Motion Does Not Explain How the Proposed Complaint Cures the Deficiencies the Court Identified.

The Court's Order told Plaintiff that his motion had to comply with the Federal Rules and the Local Rules, expressly including Local Rule 7.2. Doc. 51. A motion must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). It does not mention the August 18, 2026, hearing. It does not identify a single deficiency the Court found, and it does not explain how any allegation in the Proposed Complaint addresses the ultimate issue of a deficient Complaint that was already dismissed by the Court. Plaintiff instead offers general assurances that the amendment will "clarify and further develop" his claims. Doc. 52 ¶¶ 12–14, 21–23. A plaintiff seeking leave after an adverse ruling must show how the amendment would "save the meritless claim." *Lee*, 413 F.3d at 749. Plaintiff has not tried. The Court need not compare a fourth complaint against a third to work out whether something has been cured. The Plaintiff has only ever advanced basic allegations without any real factual pleadings to support his claims, at every turn in this case, the Plaintiff adds or takes away claims that he had previously advanced, which is clear showing that the Plaintiff himself believes his claims to be futile.

### B. The Court Should Disregard Matters Asserted in the Motion but Absent from the Proposed Complaint.

The sufficiency of a proposed amendment is judged by the proposed pleading, not by the motion that accompanies it. Much of the Motion describes a pleading Plaintiff did not file. The Proposed Complaint alleges nothing about two CARFAX reports with different issuance dates (*compare* Doc. 52 ¶¶ 2–4). It seeks no emotional-distress damages (*compare id.* ¶ 5, *with* Doc. 52-1 ¶ 22 & Prayer ¶ A). And it alleges no conduct by PNC (*compare* Doc. 52 ¶ 6, *with* Doc. 52-1 ¶¶ 23–36). The CARFAX-date issue is at most an evidentiary dispute about exhibits, one Plaintiff has raised before, *see* Doc. 34. Additionally, this was discussed at the hearing before the Court, in which the Plaintiff has taken issue with the dates on two separate CARFAX reports which does not change the fact that he was given the opportunity to review and sign the CARFAX Disclosure report when he first purchased the vehicle. It is obvious that a subsequently requested CARFAX report would have a different date on it because it was provided to the Plaintiff after he purchased the vehicle and was provided to him after he had already reviewed and signed the other CARFAX report on the date of sale. It has no bearing on whether the Proposed Complaint states a claim. The Court should evaluate the Proposed Complaint as written. If the Plaintiff believes that the CARFAX would amount to a viable claim, then why would he omit it from his proposed Amended Complaint? It is because the amendment is futile and still does not have a basis to go forward.

### C. Plaintiff's Repeated, Shifting Amendments Warrant Denial.

This would be Plaintiff's fourth complaint. *See* Doc. 3; Doc. 15; Doc. 1. Each version has changed the theory. The case began with Magnuson-Moss and state consumer-protection claims, Doc. 18 at 2–3. It then moved to the "lemon law," concealment, and forgery, Doc. 15 ¶¶ 3–4, 16–18. Now, it is breach of an oral contract and fraud in the inducement, yet there are no new facts alleged to overcome plaintiff's hurdle that he purchased the vehicle "as is." "[R]epeated failure to

cure deficiencies by amendments previously allowed" is an independent ground for denying leave. *Foman*, 371 U.S. at 182.

The newest theory does not rest on newly discovered facts. By Plaintiff's own account, the alleged "take care of it" promise was made to him on October 7, 2024. Doc. 33 ¶ 5. That was eight months before this case was removed and nine months before the SAC. Plaintiff did not plead the promise in any prior complaint. He raised it only after Defendants moved for judgment on the pleadings. It is nothing more than a continuation of the same tactic of changing his allegations at every turn, with continued lack of factual support in the allegations of the Complaint.

## II. THE PROPOSED AMENDMENT IS FUTILE.

### A. The Proposed Complaint States No Claim Against PNC, and Judgment Should Be Entered in PNC's Favor.

The Proposed Complaint does not assert any claim against PNC. Count I alleges an agreement between "Plaintiff and Defendant Landers" and a breach by "Defendant Landers." Doc. 52-1 ¶¶ 24–28. Count II alleges representations made by "Defendant Landers" and fraud committed by "Defendant Landers." *Id.* ¶¶ 30–36. PNC is mentioned only in the caption and in the paragraph identifying the parties. *Id.* ¶ 2. A complaint must allege facts supporting "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Proposed Complaint alleges no misconduct by PNC at all. The Motion's assertion that PNC "was and has been an active player in this matter," Doc. 52 ¶ 6, is not a factual allegation, and it is not in the pleading.

If the Proposed Complaint were filed, it would abandon the SAC's theories against PNC. The amendment is futile as to PNC. Under the terms of the Court's Order, Doc. 51, judgment should be entered in PNC's favor however the Court resolves the Motion as to Landers.

### B. Count I Does Not State a Claim for Breach of Contract.

Under Arkansas law, the essential elements of a contract are "(1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations." *Casteel v. Clear Channel Broad., Inc.*, 254 F. Supp. 2d 1081 (W.D. Ark. 2003) (citing *Williamson v. Sanofi Winthrop Pharms., Inc.*, 347 Ark. 89, 60 S.W.3d 428, (2001)). The Plaintiff's proposed Amended Complaint, and the alleged verbal agreement does not meet these essential elements. There was no consideration exchanged by the parties alleged, no mutual agreement between the parties alleged, and no mutual obligations between the parties. Therefore, Count I fails at the threshold.

Count I refers generally to Landers' obligation "to provide the Vehicle as represented and in the condition promised." Doc. 52-1 ¶ 25. But the only breach it alleges is that Landers "fail[ed] to honor its agreement to take care of the Vehicle and refus[ed] to pay the $37,016.13 estimated cost of replacing the defective engine." *Id.* ¶ 27. The Proposed Complaint does not identify any term of the September 27, 2024 sale, written or oral, that promised a particular mechanical condition or obligated Landers to pay for future repairs. The pre-sale statements Plaintiff describes are that the Vehicle had been inspected by a Porsche dealership and that CARFAX information would be mailed. *Id.* ¶¶ 7–9. Neither is a promise about the engine's future performance.

To the extent Count I seeks to hold Landers to the Vehicle's condition "as represented," it is a warranty claim under another name. The Vehicle was sold "AS IS—NO DEALER WARRANTY." Doc. 28-7. The Court has already dismissed Plaintiff's warranty theories. Relabeling them as breach of contract does not revive them.

The alleged promise is that "if something happened to the Vehicle, Landers would take care of it." Doc. 52-1 ¶ 25; *see id.* ¶ 19. The Proposed Complaint does not say who at Landers made this promise, when, or in what words. It identifies no terms. It does not say what events

would trigger the obligation, what "take care of" required (repair, payment, or something else), whether any dollar limit applied, or how long the obligation would last. Plaintiff's own filings show why the omission matters. When he first described this agreement, he dated it October 7, 2024, after the sale was complete. Doc. 33 ¶ 5. The Proposed Complaint drops the date and calls the promise only "subsequent." Doc. 52-1 ¶ 25.

The Proposed Complaint alleges no agreement to change any term of the written sale documents. It alleges only an open-ended assurance, which fails for the indefiniteness reasons above. And a promise to pay for repairs after the sale would directly contradict the written "as is" terms, which disclose that the dealer provides no warranty for repairs after the sale. Doc. 28-7.

Plaintiff alleges that Landers "reimbursed Plaintiff for the $765.00 diagnostic charge." Doc. 52-1 ¶ 20. He has elsewhere treated that payment as partial performance of the alleged agreement. Doc. 33 ¶ 5. But Plaintiff has admitted that the payment "was issued as a goodwill gesture and does not constitute an admission of liability by Landers for the mechanical condition of the [vehicle]." Doc. 43 at 8 (RFA No. 30, answered "Yes"). A goodwill payment does not make it plausible that Landers agreed to pay for a $37,016.13 engine replacement. Count I is futile.

### C. Count II Does Not State a Claim for Fraud in the Inducement.

Under Arkansas law, fraud requires "(1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance upon the representation; and (5) damage suffered as a result of the reliance." *Archer-Daniels-Midland Co. v. Beadles Enters., Inc.*, 367 Ark. 91, 238 S.W.3d 79, (2006) (quoting *McAdams v. Ellington*, 333 Ark. 362, 970 S.W.2d 203 (1998)). Each element must be pleaded with the particularity Fed. R. Civ. P. 9(b) requires. *Summerhill*, 637 F.3d at 880.

Federal Rule of Civil Procedure 9(b) requires the plaintiff to plead such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation. *Summerhill*, 637 F.3d at 880. The Proposed Complaint does not identify who made the alleged representations; it refers only to Landers' unnamed "salesperson." Doc. 52-1 ¶ 8. Its theory of falsity is that Landers "had been provided information concerning recommended repairs and past-due service." *Id.* ¶ 31. Yet it does not identify what repairs were recommended, what service was past due, who at Landers received that information, or when. Nor does it identify the prior damage history allegedly withheld. *Id.* These are the circumstances constituting the alleged fraud, and Rule 9(b) requires that they be spelled out in the complaint.

Count II rests on "the representations identified in Paragraphs 7 through 9." Doc. 52-1 ¶ 30. None is an actionable misrepresentation as pleaded. Plaintiff alleges he was told the Vehicle "had recently been inspected by a Porsche dealership." *Id.* ¶ 7. He does not allege that statement was false. His own allegation confirms it: "prior to the sale, the Vehicle had been brought to a Porsche dealership for diagnosis." *Id.* ¶ 31. The accompanying statement that there was "no need" for an independent inspection, *id.* ¶ 7, is an expression of opinion. Under Arkansas law, "an expression of opinion . . . cannot furnish the basis for a cause of action for deceit or fraud" unless it is "false and known to be false at the time it is made." *Delta Sch. of Commerce, Inc. v. Wood*, 298 Ark. 195, 766 S.W.2d 424, 426 (1989). The Proposed Complaint pleads no facts showing that anyone at Landers knew of an engine condition making that opinion false.

*The refusal of an independent inspection.* Plaintiff alleges that his request to have his own mechanic inspect the Vehicle "was denied." Doc. 52-1 ¶¶ 7, 31. A buyer who has the opportunity to have a separate inspection and chooses to buy anyway is on notice that he is proceeding without one. There are no facts alleged that the Plaintiff was forced to follow through with purchasing the

vehicle. He could have stopped the purchase of the vehicle at any point throughout the execution of all the accompanying transaction documents.

Plaintiff alleges he was told the CARFAX information "was not available at the time of purchase and would be mailed to Plaintiff within approximately one week." *Id.* ¶ 9. He does not allege that either part of this statement was false. To the extent it promised a future mailing, "an action for fraud or deceit may not be predicated on representations relating solely to future events" unless the speaker knew the representation was false when made. *Delta Sch. of Commerce*, 766 S.W.2d at 427. Plaintiff alleges no such facts, and he alleges no injury from the timing of the CARFAX.

Paragraph 31 asserts that the representations were false because the Vehicle "had a prior damage history that was not disclosed." Doc. 52-1 ¶ 31. But none of the representations in Paragraphs 7 through 9 concerned damage history. The documents clearly show that the Plaintiff had reviewed and signed the CARFAX damage history as part of the sale documents. Count II expressly limits itself to those representations. *Id.* ¶ 30.

The damages Plaintiff seeks center on the $37,016.13 cost of replacing an engine that failed after he had driven the Vehicle approximately 390 miles over roughly four months. Doc. 52-1 ¶¶ 19–22. The Proposed Complaint does not allege that the unidentified "recommended repairs and past-due service," or the unidentified "prior damage history," had anything to do with the engine. *Id.* ¶ 31. Its only allegation on the point is conclusory: that the Vehicle's "mechanical condition was inconsistent with Defendant Landers' pre-sale representations." *Id.* ¶ 18. That is a label, not a fact, and it does not make it plausible that any statement made on September 27, 2024, caused an engine failure four months later.

Count II ends by alleging that Landers' conduct caused Plaintiff's damages "by forging his signature on the Carfax report." Doc. 52-1 ¶ 36. Fraud in the inducement requires a representation that induced the plaintiff to act. A signature allegedly placed on a document without Plaintiff's knowledge could not have induced him to buy the Vehicle. Plaintiff does not allege that he saw or relied on any such signature. The allegation also lacks every particular Rule 9(b) requires: who, when, how, and on which document.

Finally, the Proposed Complaint alleges only that Landers "knew [the representations] were false or made them recklessly without knowledge of their truth." Doc. 52-1 ¶ 32. That is a recitation of the element, not a factual allegation. It pleads no facts suggesting that anyone at Landers knew of any engine defect at the time of sale. Count II is futile.

## CONCLUSION

The Proposed Complaint does not cure the deficiencies that led the Court to grant judgment on the pleadings. It asserts no claim against PNC, and it pleads neither an enforceable contract nor a particularized, plausible fraud against Landers. The Motion does not explain how the amendment cures anything, and it relies on matters absent from the pleading. Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to Amend Complaint (Doc. 52), enter judgment in Defendants' favor as contemplated by the Court's August 19, 2026, Order (Doc. 51), and grant Defendants all other just and proper relief.

Respectfully submitted,

James D. Robertson (ABN 95181)
Daniel A. Curtis (ABN 2023001)
BARBER MUNSON
One Allied Dr., Suite 1600
Little Rock, Arkansas 72202
Telephone: (501) 372-6175
Email: jrobertson@barberlawfirm.com
Email: dcurtis@barberlawfirm.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, and that I have also served a copy of the foregoing via first-class U.S. Mail, postage prepaid, on the following:

Prince Chinney
221 W. 2nd Street, Suite 530
Little Rock, AR 72201
*Pro Se Plaintiff*

/s/ James D. Robertson
James D. Robertson